UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TINA SANCHEZ | CIVIL ACTION |
| VERSUS | NO. 22-3643 |
| UNDERWRITERS AT LLOYD'S LONDON | SECTION "R" (5) |

## ORDER AND REASONS

Before the Court is defendant's unopposed motion for involuntary dismissal under Federal Rule of Civil Procedure 41(b).[1]  For the following reasons, the Court denies the motion.

## I.   BACKGROUND

The law firm McClenny, Moseley & Associates ("MMA") filed this action on behalf of plaintiff on October 4, 2022.[2]  The case, along with all other cases filed by MMA pending in this District, was subsequently stayed due to fraudulent conduct by the firm.[3]  Plaintiff's counsel withdrew, leaving her unrepresented.[4]  On June 30, 2023, Chief Magistrate Judge Michael

---

[1]   R. Doc. 20.
[2]   R. Doc. 1.
[3]   R. Docs. 8, 9, & 12.
[4]   R. Docs. 10-11, 13-14.

North sent a letter to plaintiff notifying her of the action and informing her that, to proceed with the lawsuit, she could take one of three actions:[5] (1) retain a new lawyer, (2) represent herself, or (3) dismiss the lawsuit and waive her rights regarding the insurance claim at issue therein.[6] The letter also ordered plaintiff to notify the Court of her decision within sixty days and noted that her failure to respond may result in dismissal of her case.[7]

Defendant now moves for involuntary dismissal under Federal Rule of Civil Procedure 41(b) as it has been more than sixty days since the letter was transmitted to plaintiff, and plaintiff has not responded.[8]

The Court considers the motion below.

## II.   DISCUSSION

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal with prejudice for failure to comply with a court order should be a last resort, and "[l]esser sanctions such as fines or dismissal without prejudice are usually

---

5   R. Doc. 15.
6   *Id.*
7   *Id.*
8   R. Docs. 20 & 20-1.

appropriate." *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008). Dismissal with prejudice under Rule 41(b) is appropriate only "where there is a 'clear record of delay or contumacious conduct by the plaintiff . . . and when lesser sanctions would not serve the best interests of justice.'" *Id.* (quoting *Callip v. Harris Cty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985)). Typically, one of three aggravating factors must be present: "(1) delay caused by the plaintiff [herself] and not [her] attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Campbell v. Wilkinson*, 988 F.3d 798, 802 (5th Cir. 2021) (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)).

Here, defendant points only to plaintiff's failure to respond to Chief Magistrate Judge North's letter. To date, about two-and-a-half months have passed since plaintiff's deadline to respond.[9] This does not amount to a "clear record of delay or contumacious conduct." *Cf. id.* ("[T]he district court did not explain why a mere 45-day delay, without more, justified the severe sanction of dismissal without prejudice."). At this stage, there is no evidence that plaintiff's delay has caused actual prejudice to defendant, or that

---

[9]  Chief Magistrate Judge North issued the letter on June 30, 2023, which specified that plaintiff must respond within sixty days, or by August 29, 2023. R. Doc. 15.

3

plaintiff has intentionally delayed. Accordingly, the Court does not find that involuntary dismissal with prejudice is appropriate at this time.

## III. CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion for involuntary dismissal WITHOUT PREJUDICE.

New Orleans, Louisiana, this __20th__ day of November, 2023.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE